**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROLAND D. FOSTER,

      Petitioner - Appellant,

v.

RANDALL G. WORKMAN, Warden,

      Respondent - Appellee.

No. 06-6148
(D.C. No. 05-CV–01443-C )
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Roland D. Foster, a state inmate appearing pro se, seeks a certificate of

appealability (COA) so that he may appeal the district court's denial of his habeas

petition filed pursuant to 28 U.S.C. § 2241.[1]  Because Mr. Foster has failed to

demonstrate that it is reasonably debatable whether the district court's procedural

ruling dismissing his claim was correct, see Slack v. McDaniel, 529 U.S. 473, 484

---

[1]      Mr. Foster, on his form Petition, characterized his action as a motion
seeking a reduction or correction of his sentence pursuant to Rule 35 of the
Federal Rules of Criminal Procedure.  Rule 35, however, cannot provide a
jurisdictional basis for Mr. Foster's action because he is not currently serving a
federal sentence.  Accordingly, because Mr. Foster's action challenges the
execution of his state sentence, the district court construed his action as a Petition
for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and we do as well.  See
Montez v. McKinna, 208 F.3d 862, 868-69 (10th Cir. 2000).

(2000), we deny a COA and dismiss the appeal.

In 1986, Mr. Foster was convicted in the state district court of five felony offenses and was ordered to serve five consecutive sentences. R. Doc. 1. Mr. Foster is currently incarcerated in an Oklahoma Department of Corrections ("ODOC") facility serving a 20 year sentence for forcible sodomy. R. Doc. 8, Ex. 1. On June 25, 2002, Mr. Foster was terminated from a prison job with Oklahoma Correctional Industries ("OCI") for "[p]laying video games on [a] computer." Id., Ex. 2. Following Mr. Foster's job termination, both the facility/classification committee and the deputy warden at the facility where Mr. Foster was incarcerated approved his reassignment to the general labor pool. Id.

On September 30, 2002, Mr. Foster filed a "Request to Staff" asking that he be reinstated to his prison job at OCI. Id., Ex. 3. The warden at the facility in which he is incarcerated denied Mr. Foster's request on October 2, 2002. Id. Mr. Foster was subsequently assigned to a new prison job as a vo-tech worker. Id. at Ex. 4. In the interim between his reassignment and the present action, Mr. Foster has filed four additional Request to Staff forms seeking to be rehired by OCI, all of which have been denied. R. Doc. 11 at 2. In June 2005, Mr. Foster filed a grievance in which he sought to be reinstated to his prior job at OCI "retroactive to 6/25/02." R. Doc. 1 Attch. D. He also sought to be given Ekstrand[2] credits for

_____

[2] In Ekstrand v. Oklahoma, 791 P.2d 92 (Okla. Crim. App. 1990) abrogated on other grounds by Waldon v. Evans, 861 P.2d 311 (Okla. Crim. App. 1993), the Oklahoma Court of Criminal Appeals held that the 1988 amendments to

the period between June 25, 2002 and the date on which he filed his grievance. Id. The warden denied Mr. Foster's grievance, explaining that "Mr. Tomlinson, the administrator of OCI, has made the determination that he does not want to rehire you at this time . . . ." Id.

On December 13, 2005, Mr. Foster filed his federal habeas petition. R. Doc. 1. In it, he asserts that he is being denied the early release Ekstrand credits he is entitled to. See id. He further alleges that he is not receiving "a right" granted to others and therefore is being discriminated against, and that both the administrator of OCI and the Warden failed to follow established policies and procedures in his case. See id. He raises similar claims on appeal, and also argues that delays in filing his petition were due to no fault of his own.

On March 17, 2006, the assigned magistrate judge recommended that Mr. Foster's action be time-barred by the one-year limitations period contained within

---

Oklahoma's earned credit statute operated in an unconstitutional ex post facto manner as applied to prisoners who had been sentenced prior to the amendments' effective date. Id. at 95. As a result, an ODOC policy provides that, "[a]n inmate is entitled to earned credit as it existed under the law during the period beginning September 8, 1976, and ending October 31, 1988, on sentences in which the crime was committed prior to November 1, 1988" if the inmate "would earn more credit under the old earned [credit] system than under the class level system [adopted in 1988] . . . ." See Okla. Dep't of Corr., Policy and Operations Manual § 6 (2004), available at http://www.doc.state.ok.us/Offtech/op060211.htm. Pursuant to the credit system in place at the time Mr. Foster was sentenced, an inmate was to earn two days deduction from his sentence for each day in which he was assigned to Oklahoma State Industries (now OCI), private prison industries, agricultural production, or vo-tech training. See id. It is these deductions that Mr. Foster apparently sought in his filed grievance and that he now seeks in his habeas petition.

28 U.S.C. § 2244(d)(1)(D). R. Doc. 11 at 5. Mr. Foster objected on the grounds that he is entitled to equitable tolling because of prison officials' delay in responding to staff requests. Accepting the magistrate judge's recommendation over Mr. Foster, the district court, without addressing Mr. Foster's substantive claims, dismissed his habeas petition as untimely on April 13, 2006. R. Doc. 13 at 1-2.

When the district court denies a habeas petition on purely procedural grounds and thereby fails to address a prisoner's substantive claims, a COA may issue only if the prisoner demonstrates that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Slack, 529 U.S. at 484. On appeal, Mr. Foster argues both the merits of his claim and that the district court erred in dismissing his petition as untimely. The district court's determination that Mr. Foster's petition is time-barred, however, is not reasonably debatable.

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted on April 24, 1996, provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Although Mr. Foster is not challenging the state court judgment pursuant to which he is incarcerated, we have previously held that § 2244(d)(1)'s one-year limitation period also applies to habeas petitions contesting administrative decisions. See Dulworth v. Evans, 442

F.3d 1265, 1268 (10th Cir. 2006). In this case, the limitations period for Mr. Foster's petition began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

At the very latest, Mr. Foster became aware that he would not be reinstated to his prison job at OCI, and therefore would not be receiving the "2 for 1" early release credits attached to an OCI job, on October 2, 2002, when the warden denied his original request for reinstatement. Mr. Foster therefore had until October 2, 2003 to file his § 2241 petition. He did not file his § 2241 petition, however, until December 13, 2005, well past the deadline.

Mr. Foster argues that the delay in filing his habeas petition was through no fault of his own because various state officials refused to answer his requests. This argument is unavailing, however, because the evidence clearly demonstrates that Mr. Foster's various requests for reinstatement to an OCI job and his grievance were timely rejected by ODOC staff.

Mr. Foster also argues that he was first required to exhaust administrative remedies before filing his habeas petition and that he did not finish doing so until until he received the final administrative appeal decision on August 2, 2005. He argues the limitation period only began running on that date. While Mr. Foster is quite correct that we have previously held that "§ 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting [an inmate's]

administrative appeal becomes final," a prerequisite is that "a petitioner timely and diligently exhaust[ ] his administrative remedies." See Dulworth, 442 F.3d at 1268. Here, over two and a half years lapsed between the denial of Mr. Foster's original request for reinstatement to an OCI job and the filing of his grievance. Moreover, as previously mentioned, the evidence does not support Mr. Foster's contention that state officials' actions delayed the exhaustion of his administrative remedies or the filing of his habeas petition. Because Mr. Foster did not timely and diligently exhaust his administrative remedies, October 2, 2003 is the appropriate date by which to judge the timeliness of his habeas petition.

The limitations period for § 2241 motions is also subject to equitable tolling in extraordinary circumstances. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Generally, equitable tolling occurs in "circumstances where the limitation period at least raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective." Id. Mr. Foster, however, has failed to demonstrate that such circumstances exist in this case.

Accordingly, we DENY a COA, and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge