FILED
United States Court of Appeals
Tenth Circuit

June 13, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY O. WILLIAMS,

        Petitioner-Appellant,

v.

EMMA WATTS, Warden,

        Respondent-Appellee.

No. 11-7003
(D.C. No. 6:09-CV-00094-RAW-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

Petitioner Ricky Oscar Williams, an Oklahoma state prisoner proceeding pro se, seeks a Certificate of Appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2241 petition. In his § 2241 petition, Williams argued that the Oklahoma Department of Corrections (ODOC) had improperly calculated and applied his earned credits when administering his sentence. The district court dismissed his petition as time barred. Because Williams has not made the requisite showing for a COA, we deny his request and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

# I. FACTS

Williams is an inmate in the custody of the ODOC. ODOC provided the following incarceration history for Williams. On December 8, 1989, Williams was incarcerated with ODOC "after being convicted in Muskogee County District Court . . . [in] Case No. CF-81-594 . . . of Burglary 2nd Degree." ROA at 27. While incarcerated, on February 26, 1990, Williams was convicted "of Burglary 1st Degree" in Muskogee County District Court in case number CF-89-559, and he "received a 30-year sentence." Id. at 27–28. On June 21, 1992, his sentence for case number CF-81-594 was discharged. Id. at 27. Nevertheless, Williams remained in ODOC custody serving his sentence for case number CF-89-559. Id. at 27–28.

Williams was granted parole in case number CF-89-559 on November 17, 2005. Id. at 28. However, on November 2, 2006, Williams was "convicted of Kidnaping in [case number] CF-2006-185" in Pontotoc County District Court, and he "received a 5 year sentence." Id. at 28. He was returned to ODOC custody on December 22, 2006, based on his kidnapping conviction and for a violation of his parole. Id. at 29. Williams's parole for case number CF-89-559 was then revoked on June 15, 2007, and Williams was "order[ed] . . . to serve the remaining portion" of his sentence "with no credit for street time." Id. at 54. While his sentence for the kidnapping conviction was discharged on January 3, 2009, Williams remains in ODOC custody serving his sentence for case number CF-89-559. Id. at 28.

On March 11, 2009, Williams filed his § 2241 habeas petition in the United States

District Court for the Eastern District of Oklahoma seeking his immediate release from ODOC custody.  Id. at 6–9.  In his petition, Williams argued that ODOC erroneously administered his earned credits and that, if his credits had been properly calculated and applied, he would be entitled to immediate release.  Id.  Williams contended that, in January 2001, ODOC retroactively applied its March 2000 inmate classification policy to calculate his earned credits.  Id. at 6.  According to Williams, the March 2000 policy restricted his classification to Levels 1 or 2 due to two misconduct violations for assault on staff that he received in 1990, precluding any future promotion to Levels 3 or 4 and, as a result, limiting the number of earned credits he would receive on a monthly basis.  Id.  Williams also asserted that, based on the March 2000 policy, ODOC revoked earned credits he had previously received while he had been classified at Levels 3 or 4.  Id.  Williams argued that ODOC's retroactive application of its March 2000 policy amounted to an ex post facto violation.[1]  Id.

In the alternative, Williams argued that ODOC erroneously calculated his earned credits.  He requested the following corrections to his record: restore 650 earned credits that were improperly revoked based on his misconduct[2], add 755 earned credits that he

---

[1] According to ODOC, the policy restricting an inmate with active misconduct security points to classification Levels 1 or 2 had been in place since 1988.  ROA at 29.  ODOC explained that, while the 1988 policy was revised in March 2000, the restriction Williams identified remained consistent.  Id.

[2] Based on our review of the § 2241 petition and the record on appeal, we were unable to identify the ODOC decision Williams is challenging or the source of these earned credits.  Thus, our analysis does not address this alleged error.

should have received for his time spent on parole, and restore 480 earned credits that were improperly removed from his record when he returned to ODOC custody for his parole violation[3]. Id. at 9.

### A. Prior state court proceedings

Prior to filing his § 2241 petition, Williams filed a petition for a writ of prohibition in Oklahoma state court on April 25, 2007, challenging the revocation of his parole and contending that ODOC's retroactive application of its March 2000 policy to him amounted to an ex post facto violation. Id. at 109–18. He filed a motion to amend this petition on December 26, 2007. Id. at 119. The state court denied Williams's petition on December 31, 2008, because venue and jurisdiction were improper. Id. at 129. Williams did not file a direct appeal. Rather, on January 20, 2009, Williams filed a petition for an extraordinary writ of habeas corpus or writ of mandamus in the Oklahoma Court of Criminal Appeals, asserting that ODOC "ha[d] failed to accord towards the satisfaction of his sentence the proper number of time credits to which [Williams] believe[d] himself entitled." Id. at 147. Specifically, Williams alleged that ODOC had retroactively applied its March 2000 policy to him, resulting in an ex post facto violation. Id. Williams filed a similar petition on February 2, 2009, in the Oklahoma Supreme Court, which was transferred to the Oklahoma Court of Criminal Appeals. Id. at 146. On March 12, 2009, the Oklahoma Court of Criminal Appeals declined to exercise original jurisdiction over

---

[3] According to ODOC, when Williams returned to ODOC custody on December 22, 2006, it identified errors in Williams's record and removed 480 earned credits that he had improperly been awarded. ROA at 29.

4

both petitions.  Id. at 147–49.

## B.  Prior administrative proceedings

There is evidence that Williams informally questioned the calculation of his earned credits within ODOC in early 2008.  Id. at 58.  With regard to his claim that ODOC retroactively applied its March 2000 policy, Williams then filed a "Request to Staff" on January 12, 2009, to assert this issue.  Id. at 10–11.  According to correspondence Williams received, ODOC audited Williams's records on January 13, 2009, and determined that its policies had been properly applied.  Id. at 15.  Williams filed an "Inmate/Offender Grievance Report Form" on January 29, 2009, reasserting his contention that ODOC's March 2000 policy had been improperly applied.  Id. at 12–13. On January 30, 2009, ODOC notified Williams that, based on the results of its audit, his grievance was denied.  Id. at 16.  Williams appealed this determination and, on February 17, 2009, ODOC returned Williams's appeal unanswered because it was "out of time from the date of the incident-2001."  Id. at 14.

As for Williams's claim that ODOC erroneously calculated his earned credits by failing to include 755 earned credits for his time spent on parole and improperly revoking 480 earned credits when he returned to ODOC custody for his parole violation, Williams did not pursue administrative relief.  In an affidavit, the manager of the ODOC administrative review unit asserted that Williams did not submit any grievance regarding his "2007 parole revocation and the denial of street time credit," id. at 55, and that "there is no correspondence [regarding the] 480 [earned] credit adjustment that took place when

5

[Williams] returned [to ODOC custody] as a parle [sic] violator in December of 2006,"[4] id. at 57.

## C.  Habeas proceedings

In response to Williams's § 2241 petition, respondent filed a motion to dismiss, contending that Williams "failed to exhaust his state administrative and judicial remedies" and that his claims were procedurally barred as well as time barred.  Id. at 31. The district court dismissed Williams's petition for failure to exhaust state judicial remedies.  Id. at 203.  The district court reasoned that, "[i]n those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1. . . .  The statute specifically requires the state court to determine whether due process was provided."  ROA at 201.  The district court explained, "[n]othing in the record indicates petitioner filed a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1."  ROA at 203.

Williams filed two motions for reconsideration of his habeas petition.  Id. at 205, 211.  In these motions, Williams explained that he was challenging ODOC's retroactive application of its March 2000 policy to him.  Id. at 209.  He argued that he was not

---

[4] According to the record, when appealing his grievance concerning the retroactive application of the March 2000 policy to the ODOC reviewing authority, Williams noted the fact that "the amount of days [he] had to serve when [he] was released on parole grew some 18 months lated [sic] by 480 days to a total of 3854" days.  ROA at 67.  However, in this context, Williams raised this issue to contest the results of ODOC's January 2009 audit of his records, not to assert a grievance.  See id.

required to exhaust his state court remedies pursuant to Okla. Stat. tit. 57, § 564.1 because he was not challenging the results of a disciplinary hearing. ROA at 210. He also contended that he had a petition for a writ of prohibition pending in Oklahoma state court. Id. at 206, 210.

The district court denied Williams's motions for reconsideration. Id. at 219. The district court explained that Williams failed to exhaust the state administrative remedies for his claims regarding ODOC's retroactive application of its March 2000 policy and the 480 earned credits improperly removed from his record because he did not file proper grievances. Id. However, the district court clarified that Williams was correct with regard to his assertion that he did not need to comply with Okla. Stat. tit. 57, § 564.1 for his claim that ODOC improperly removed 480 earned credits from his record "because that statute concerns a due process review of the disciplinary proceedings, not a subsequent correction of a prisoner's earned credit record." ROA at 219. Further, the district court explained that, in addition to Williams's failure to exhaust state administrative remedies, "it is clear from the record that his claims are time barred." Id. The district court reasoned that "[t]he one-year statute of limitations for habeas corpus actions would have begun at the latest on December 22, 2006, when [ODOC] officials discovered errors in the calculation of [Williams's] remaining sentence." Id. at 219.

The district court also issued an order denying a COA. Id. at 222. Williams seeks a COA from this court and requests leave to proceed in forma pauperis before this court.

## II. DISCUSSION

A state prisoner must obtain a COA to appeal the denial of a habeas petition pursuant to 28 U.S.C. § 2241.  Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000); see also 28 U.S.C. § 2253(c).  A COA may be issued only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a "substantial showing," a petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Where, as here, the district court denied the habeas petition on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id. While we construe Williams's pro se pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), we conclude that the district court's procedural ruling was not debatable or wrong.

The one-year statute of limitations period of 28 U.S.C. § 2244(d)(1) applies to the filing of a § 2241 petition.  See Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003). Pursuant to 28 U.S.C. § 2244(d)(1)(D), the limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  However, we have previously held that, when a petitioner

8

"timely and diligently exhausts his administrative remedies, [the] one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final." Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006). The running of the statute of limitations is also suspended while a prisoner is properly pursuing relief in the state courts. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Further, assuming that equitable tolling applies in cases involving § 2241 petitions, equitable tolling of the statute of limitations "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control," Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

In his § 2241 petition, Williams asserted two claims: (1) that ODOC's retroactive application of the March 2000 policy to calculate his earned credits amounted to an ex post facto violation; and (2) that ODOC erred in calculating his earned credits by failing to include 755 earned credits for the time he spent on parole and improperly revoking 480 earned credits when he returned to ODOC custody for his parole violation. The district court concluded that both of these claims were time barred.

*A. Retroactive application of the March 2000 policy*

The district court did not err in concluding that Williams's claim that ODOC retroactively applied its March 2000 policy to calculate his earned credits was time

9

barred. The district court determined that the limitation period for this claim began to run "at the latest on December 22, 2006, when [ODOC] officials discovered errors in the calculation of [Williams's] remaining sentence." ROA at 219. However, it is clear that Williams became aware of the factual predicate for this claim in January 2001. According to Williams, his case manager conducted an audit of his record in January 2001 and, based on that audit, ODOC's March 2000 policy was retroactively applied to revoke earned credits he had received while he was previously classified at Levels 3 or 4 and to restrict the earned credits he would receive in the future. ROA at 7. In fact, Williams explained: "On Jan 2001, I was told that I was ineligible for class level 3 or class level 4, all class level 3 and class level 4 days [(earned credits)] were taken without due process or hearing, and was relegated to serve his sentence on class level(s) one (1) or class level (2) at highest/fastest rate for entire incarceration." Id. at 112 (emphasis in original). Thus, the one-year limitation period for Williams's retroactive application claim began to run in January 2001.

The question then becomes whether the limitation period for this claim was tolled for any reason. First, because Williams sought judicial relief in Oklahoma state court for ODOC's retroactive application of its March 2000 policy after the one-year limitation period had elapsed, the limitation period was not tolled based on his state court filings. Specifically, Williams filed a petition for a writ of prohibition in Oklahoma state court on April 25, 2007. ROA at 109. Williams then filed petitions in the Oklahoma Court of Criminal Appeals in January 2009 and the Oklahoma Supreme Court in February 2009.

10

Id. at 146–47. Thus, Williams's state court filings did not toll the limitation period.

Second, while Williams did pursue administrative remedies for his claim that ODOC retroactively applied its March 2000 policy, he did not seek this relief until after the one-year limitation period had run. According to the record, it appears that Williams first inquired within ODOC regarding the retroactive application of the March 2000 policy in early 2008. ROA at 58. He then submitted a "Request to Staff" on January 12, 2009, and an "Inmate/Offender Grievance Report Form" on January 20, 2009. Id. at 62–65. When relief was denied, he appealed to the ODOC reviewing authority in February 2009. Id. at 66. Because he sought administrative relief for this claim after the one-year limitation period had run, his efforts were not timely and did not toll the limitation period. Third, assuming that equitable tolling applies in cases involving § 2241 petitions, Williams has not demonstrated that his failure to pursue timely relief for ODOC's retroactive application of its March 2000 policy was due to extraordinary circumstances beyond his control. Thus, because the one-year limitation period commenced in January 2001 and was not tolled, the district court did not err in concluding that the habeas petition asserting this claim was time barred.

*B. Erroneous calculation of Williams's earned credits*

The district court did not err in concluding that Williams's claim regarding the improper calculation of his earned credits was time barred. The district court determined that the limitation period for this claim began to run "at the latest on December 22, 2006, when [ODOC] officials discovered errors in the calculation of [Williams's] remaining

11

sentence." ROA at 219. However, we conclude that the limitation period began to run on June 15, 2007, at the latest for this claim. On that date, Williams's parole was revoked, and he was notified of the number of days he had remaining on his sentence. Williams explained,

> On 11/17/05, [he] was paroled, and upon his conditional release he had 3354 days left to serve. Upon his parole revocation some 18 months after the parole was granted, he had more time left to serve than what he had before being released, he had 3834 days left to serve.

Id. at 137. This statement implies that Williams knew when his parole was revoked on June 15, 2007, that 480 earned credits had been removed from his record and that 755 earned credits for his time spent on parole had not been included in the calculation of his remaining sentence. Further, the certificate revoking Williams's parole issued on June 15, 2007, explicitly stated that he was "to serve the remaining portion" of his sentence "with no credit for street time," notifying Williams that he would not receive earned credits for his time spent on parole. Id. at 54 (emphasis added). Even assuming, as Williams argues on appeal, that he became aware of the number of days remaining on his sentence in late 2007, rather than at the time of his parole revocation, his habeas petition filed in March 2009 was still outside of the one-year limitation period for this claim.

We must then consider whether the limitation period was tolled for any reason. Because Williams did not pursue judicial relief for the alleged errors in calculating his earned credits, the limitation period for his erroneous calculation claim was not tolled on this basis. Further, although there is evidence that Williams informally inquired within

12

ODOC regarding the calculation of his earned credits in 2008, see ROA at 58, he failed to pursue any further administrative relief for the alleged errors in calculating his earned credits. In fact, in an affidavit, the manager of the administrative review unit at ODOC asserted that "Williams . . . has not submitted any grievance regarding . . . [the] 2007 parole revocation and the denial of street time credit," id. at 55, and that "there is no correspondence [regarding the] 480 [earned] credit adjustment that took place when he returned as a parle [sic] violator in December of 2006," id. at 57. Thus, because Williams did not diligently pursue administrative relief for his erroneous calculation claim, the limitation period was not tolled on this basis. Finally, assuming that equitable tolling applies in cases involving § 2241 petitions, Williams did not demonstrate that he diligently pursued his claim regarding the alleged errors in calculating his earned credits or that his failure to timely file his habeas petition was caused by extraordinary circumstances beyond his control. As a result, because the statute of limitations commenced on June 15, 2007, and was not tolled, the district court did not err in concluding that the habeas petition asserting Williams's claim regarding the erroneous calculation of his earned credits was time barred.

### III. CONCLUSION

As Williams cannot show that the district court erred in its procedural ruling, we deny his request for a COA and dismiss this matter. We grant Williams's application to

13

proceed in forma pauperis before this court.

Entered for the Court


Mary Beck Briscoe
Chief Judge
