**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL LEE SMITH,

      Petitioner - Appellant,

v.

JOHN GRUBBS, Warden,

      Respondent - Appellee.

No. 01-5193
(D.C. No. 00-CV-761-B)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Michael Lee Smith, a former inmate now on parole and appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254 and § 2241. On appeal, Mr. Smith claims that his petition was wrongly dismissed as untimely. We have jurisdiction under 28 U.S.C. § 1291. Because we determine that Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Smith has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

Mr. Smith pleaded *nolo contendere* in Oklahoma state court to charges of assault and battery with intent to kill and embezzlement. The court accepted the plea and Mr. Smith was convicted and sentenced to consecutive terms of twenty and five years. Mr. Smith sought to withdraw his plea and filed a timely motion which was denied by the district court in September 1992. He then sought *certiorari* in the Oklahoma Court of Criminal Appeals ("OCCA") which was denied in June 1993. Finally, in January 2000, Mr. Smith filed an application for post-conviction relief which was denied in March 2000 by the state district court. The denial was affirmed by the OCCA in June 2000.

Mr. Smith then filed a petition for a writ of habeas corpus in September 2000, claiming that, beginning in 1995, the Governor of Oklahoma, acting "behind the scenes," altered the standards for parole and early release. Mr. Smith argues that, as a result of these changes, he was denied parole four times from 1997 until 2000. He argues that the change in the parole policy effectively lengthened his term of imprisonment and violated the ex post facto clause of the United States Constitution. He further argues that the policy changes render his 1992 plea agreement unknowing and involuntary. In May 2001, Mr. Smith was

paroled.

The district court dismissed the habeas petition as time-barred under the one-year limitation provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). We construe Smith's challenge to the administration of his sentence under 28 U.S.C. § 2241. Insofar as Smith argues that the changed policy invalidated his original plea agreement, we assess that claim as one brought under 28 U.S.C. § 2254. All of these claims however are subject to a one-year statute of limitations beginning on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

By his own admission, Mr. Smith became "suspicious" that he might have a viable claim around the time of his first parole denial in May 1997. Statutory changes in the parole and early release standards became final in June 1997. Mr. Smith was denied parole in May 1998 under the new policies. Calculating from the latest possible date, the statute of limitation period expired one year after the May 1998 parole hearing. Since Mr. Smith did not file a habeas claim until September 2000, we find that his claims are time-barred by AEDPA.

AEDPA's time limitation is tolled while a properly-filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). Mr. Smith's habeas petition was late even after tolling for his January 2000 motion for post-

conviction relief which was denied in March 2000 and affirmed by the OCCA in June 2000.

Mr. Smith argues on appeal that the district court erred by calculating the statute of limitations from the date of Mr. Smith's first denial of parole. He claims that his rights were violated each successive time the state denied him parole and that the statute of limitations should be re-calculated from the date of each denial. We disagree. As indicated by the district court, Mr. Smith could have discovered the factual predicate of his claim in mid-1997. The successive denials of parole did not involve separate factual predicates and therefore do not warrant separate statute of limitations calculations.

AEDPA's one-year period of limitation is subject to equitable tolling in extraordinary circumstances. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In this case, we find no "circumstances where the limitation period at least raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective." Id. at 978. We find, as did the district court, that nothing alleged by Mr. Smith amounts to an extraordinary circumstance that warrants equitable tolling.

Finally, Mr. Smith claims that when the state granted him parole in May 2001, it arbitrarily increased his sentence by more than two years. This claim is raised for the first time on appeal, was not before the district court and will not be

addressed by this court.  See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge