FILED
United States Court of Appeals
Tenth Circuit

January 11, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID ROBIN WHITMORE,

     Plaintiff - Appellant,

v.

LIEUTENANT JONES; LIEUTENANT
BENOIT; LIEUTENANT HARDING,
Facility Investigator; MARK BOWEN,
Deputy Warden,

     Defendants - Appellees.

No. 11-6167
(D.C. No. 5:10-CV-00430-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL,** and **GORSUCH**, Circuit Judges.

---

Plaintiff-Appellant David Whitmore, an inmate in the custody of the Oklahoma

Department of Corrections ("ODOC"), appeals the dismissal of his 42 U.S.C. § 1983

claims for failure to exhaust administrative remedies.  Having jurisdiction to consider this

---

    [*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal under 28 U.S.C. § 1291, we vacate the district court's decision and remand for further proceedings.[1]

## I. Background

Whitmore sued several prison officials, alleging the following three § 1983 claims: 1) Lieutenant Jones, a prison officer, threatened, in front of a number of inmates, to have an inmate stab Whitmore; 2) Lieutenant Benoit, another prison officer, conspired to call Whitmore a "snitch" in front of other inmates in order to incite those inmates to beat up Whitmore; and 3) prison officials did not properly investigate these incidents.[2]

The district court granted Defendants summary judgment on all of these claims, concluding Whitmore had failed to exhaust his administrative remedies. We review a summary judgment decision de novo, viewing the evidence in the light most favorable to the non-moving party, here Whitmore. See Klen v. City of Loveland, 661 F.3d 498, 507-08 (10th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Whitmore is proceeding pro se, we liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

---

[1] We GRANT Whitmore's motion filed with this court seeking to pursue this appeal in forma pauperis. See 28 U.S.C. § 1915(a).

[2] Whitmore argues on appeal that the district court should have construed his complaint also to state "First Amendment claims" for retaliation and "bad faith investigation." We need not address that argument here, but leave it for the district court on remand.

## II. Exhaustion of administrative remedies generally

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The prison's procedures define the administrative remedies that must be exhausted. See Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010) (citing Jones v. Bock, 549 U.S. 199, 218 (2007)).

The ODOC procedures relevant in this case require an inmate first to seek two informal administrative remedies by verbally complaining to the appropriate staff member and then, if necessary, by submitting to the appropriate staff member a written "Request to Staff." If the inmate does not receive the remedy he thus sought informally, he may then file a formal written grievance with the "administrative reviewing authority" and, if unsuccessful, he may pursue an administrative appeal from the denial of his formal grievance. There are specific time frames within which the inmate must initiate each step in the administrative review process.

Because failure to exhaust administrative remedies is an affirmative defense, the defendant bears the burden of raising this defense and establishing that the inmate failed to exhaust all of his administrative remedies. See Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing Jones, 549 U.S. at 212). As an affirmative defense, we will address only the failure-to-exhaust arguments raised by the defendants. See Howard v. Waide, 534 F.3d 1227, 1244 (10th Cir. 2008). Further, an inmate is only required to

3

exhaust those remedies that are available to him.  See Tuckel, 660 F.3d at 1252.  A remedy is not available when prison officials hinder, thwart, or prevent an inmate's attempts to exhaust that remedy.  See id.  It is the inmate who bears the burden of establishing that prison officials made an administrative remedy unavailable to him.  See id. at 1254.

**III.  Whether Whitmore exhausted all administrative remedies available to him**

Whitmore claimed that he sought informal administrative relief for the incidents underlying the § 1983 claims at issue here by reporting them to both his unit manager, Underwood, and a prison investigator, Defendant Harding.  Defendants have never argued that Whitmore failed properly and fully to exhaust these informal remedies.  In fact, before the district court, Defendants expressly disavowed such an argument.  Nonetheless, the district court focused its decision to dismiss Whitmore's claims, in part, on the court's determination that Whitmore had failed to exhaust fully his informal remedies sought through Underwood.  In particular, the district court concluded that Whitmore failed to pursue fully his grievance No. 10-157, which sought a response from Underwood to the written "Request to Staff" Whitmore had submitted to Underwood.  The district court erred in dismissing Whitmore's claims on this basis because Defendants never challenged the propriety of Whitmore's exhaustion of his informal remedies.  See Howard, 534 F.3d at 1243.

Defendants did affirmatively assert that Whitmore failed to exhaust fully his formal remedies.  Before the district court, Defendants initially argued that Whitmore

4

failed to file any formal grievance regarding the incidents underlying his § 1983 claims at issue here. But Whitmore responded by producing a copy of such a grievance that he had filed with prison officials, after complaining informally to Harding. In reply, Defendants revised their affirmative defense to assert instead that Whitmore had filed the relevant grievance, No. 10-215, out of time and had requested action from prison officials that could not be addressed in a grievance. Defendants still argued to the district court, therefore, that Whitmore had failed to exhaust his formal administrative remedies fully and properly. Whitmore countered that, even so, prison officials had made those unexhausted formal remedies unavailable to him by thwarting and obstructing his efforts to exhaust them. The district court erred by dismissing Whitmore's claims as unexhausted without ever addressing that argument. See Tuckel, 660 F.3d at 1252. "[W]e have obligated district courts to ensure that any defects in exhaustion are not procured from the action or inaction of prison officials." Id. (internal quotation marks omitted). For that reason, we remand this case to the district court for its consideration of Whitmore's contention that prison officials thwarted his attempts to exhaust his formal administrative remedies as they pertain to his grievance No. 10-215.

## IV. Conclusion

For the foregoing reasons, we VACATE the district court's decision dismissing Whitmore's 42 U.S.C. § 1983 claims and REMAND this case for proceedings consistent

5

with this order and judgment.[3]  We remind Whitmore that he remains obligated to make

partial payments until the filing fee he owes in this case is paid in full.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[3] Whitmore further asserts on appeal that the district court erred in not allowing him to conduct discovery in order to respond to the exhaustion defense Defendants presented in their summary judgment motion.  If Whitmore presents the discovery issue to the district court on remand, see Fed. R. Civ. P. 56(d), the district court should address it then. Whitmore also challenges on appeal the district court's decision to dismiss as moot his motions for appointment of counsel and for a temporary restraining order.  If the district court concludes on remand that Whitmore did exhaust all available administrative remedies, then the court can consider Whitmore's other motions anew.