**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID ROBIN WHITMORE,

        Petitioner - Appellant,

v.

DAVID MILLER, Warden,

        Respondent - Appellee.

No. 11-6190

(W.D. Oklahoma)

(D.C. No. 5:10-CV-01409-R)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

      David Robin Whitmore, an Oklahoma state prisoner, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 30, 2010, alleging prison officials incorrectly calculated his "*Ekstrand* credits." *See Ekstrand v. State*, 791 P.2d 92, 95 (Okla. Crim. App. 1990), *overruled on other grounds by Waldon v. Evans*, 861 P.2d 311 (Okla. Crim. App. 1993). Respondent moved to dismiss the application, arguing Whitmore had failed to exhaust his administrative remedies. Respondent also argued the application was untimely under 28 U.S.C. 2244(d)(1)(D) because it was filed more than one year after the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

After providing notice to Whitmore, the district court converted Respondent's motion into a motion for dismissal or, in the alternative, for summary judgment. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Based on Whitmore's admission that he received a copy of the document detailing his earned credits in June 2009, the court concluded he discovered the factual predicate of his claim no later than that date. Whitmore's habeas application, however, was not filed until approximately eighteen months later. Even assuming it was proper to exclude the time Whitmore spent pursuing mandamus relief in state court, the § 2241 petition was still filed beyond the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(2) (providing the one-year limitations period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). The district court also concluded Whitmore failed to demonstrate any circumstances that would support the equitable tolling of the one-year limitations period. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Finally, the court concluded Whitmore could not rely on a "continuing violation" theory. *Cf. Smith v. Grubbs*, 42 F. App'x 370, 371 (10th Cir. 2002) (unpublished disposition). Accordingly, the district court concluded Whitmore's § 2241 application was untimely and granted summary judgment in favor of Respondent.

Whitmore now seeks a certificate of appealability ("COA") to enable him to appeal the district court's denial of his § 2241 application. To be entitled to a COA, Whitmore must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

This court has reviewed Whitmore's application for a COA and appellate brief, the district court's order, the magistrate judge's report and recommendation, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Whitmore is not entitled to a COA. The district court's resolution of Whitmore's claim is not reasonably subject to debate and the claim is not adequate to deserve further proceedings. Accordingly, Whitmore is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Whitmore's request for a COA and **dismisses** this appeal.

Whitmore's motion to proceed *in forma pauperis* on appeal is **granted**.


                                        ENTERED FOR THE COURT


                                        Michael R. Murphy
                                        Circuit Judge