**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID WHITMORE,

      Petitioner-Appellant,

v.

DAVID PARKER, Warden,

      Respondent-Appellee.

No. 12-6189
(D.C. No. 11-CV-01064-R)
(W.D. Okla.)

DAVID WHITMORE,

      Petitioner-Appellant,

v.

DAVID MILLER, LCF Warden,

      Respondent-Appellee.

No. 12-6190
(D.C. No. 10-CV-01408-R)
(W.D. Okla.)

DAVID WHITMORE,

      Petitioner-Appellant,

v.

DAVID MILLER, Warden,

      Respondent-Appellee.

No. 12-6191
(D.C. No. 10-CV-01409-R)
(W.D. Okla.)

DAVID ROBIN WHITMORE,

      Plaintiff-Appellant,

v.

LT. JONES; LIEUTENANT
HARDING; MARK BOWEN, Deputy
Warden; BENOIT,

      Defendants-Appellees.

No. 12-6268
(D.C. No. 10-CV-00430-M)
(W.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Before us are four cases filed by David Whitmore, an Oklahoma state prisoner. In three, Mr. Whitmore applies for certificates of appealability (COAs) to contest district courts' denials of his 28 U.S.C. § 2241 petitions. In the fourth, Mr. Whitmore appeals the dismissal of his civil rights claims under 42 U.S.C. § 1983. We discuss each case in turn.

In No. 12-6189, Mr. Whitmore alleges that prison officials failed to provide video footage he needed to contest disciplinary charges against him. It is surely

---

[*] After examining the briefs and the appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

true, as he notes, that denying a prisoner access to potentially exculpatory evidence can implicate his procedural due process rights. *See generally Wolff v. McDonnell*, 418 U.S. 539, 563, 566 (1974). But no court can compel production of evidence that doesn't exist. And that's what the district court found to be the case here. The prison submitted sworn testimony from an investigator explaining that, after careful review, she found that no camera captured the incident that resulted in the disciplinary charges against Mr. Whitmore. The district court credited this testimony and held, accordingly, that no due process violation existed. Mr. Whitmore says this is subterfuge. What really happened, he insists, is that the investigator deliberately waited until the relevant footage was automatically recorded over before trying to find it. But the investigator swore that she searched for relevant footage well before any "recording over" could occur and the district court found the testimony credible. Neither can we say on the evidence before us that reasonable jurists would debate whether this finding is clearly erroneous, the standard Mr. Whitmore must meet to obtain a COA.

In No. 12-6191, Mr. Whitmore alleges that he was denied early release credits earned as a result of his participation in various prison classes. The district court some time ago rejected this petition as untimely under the pertinent statute of limitations, and this court some time ago declined Mr. Whitmore a COA on this question. *See Whitmore v. Miller*, 466 F. App'x 705 (10th Cir. 2012) (unpublished). After this court issued its order, however, Mr. Whitmore returned

to the district court and filed a motion seeking relief from that judgment, rearguing points already raised and lost. The district court denied the motion and we see no debatable question in that disposition that might merit a COA at this stage either.

In No. 12-6190, Mr. Whitmore alleges the denial of credits earned from still other classes he took, classes that arguably were not the subject of litigation in No. 12-6191. The district court found, however, that Mr. Whitmore again failed to file his complaint within the statute of limitations. Mr. Whitmore pursues various arguments why the district court erred. But those arguments are fully addressed in the magistrate judge's report and again in the district court's order and we see no colorable claim of error in any of their analysis. Before us, Mr. Whitmore additionally attacks the magistrate judge for raising the limitations question *sua sponte*. But Mr. Whitmore does not suggest that the government had deliberately and intelligently waived the issue, so we see no colorable suggestion that the court abused its discretion in raising it. *See Wood v. Milyard*, 132 S. Ct. 1826, 1833-34 (2012).

Finally, we turn to Mr. Whitmore's civil rights action, No. 12-6268, which is before this court for a second time. In his complaint, Mr. Whitmore alleged retaliation and threats from several prison guards, as well as irregularities in the ensuing investigation. After determining that Mr. Whitmore failed to exhaust available administrative remedies, the district court granted summary judgment to

the defendants. In Mr. Whitmore's first appeal, he argued that prison officials thwarted his attempt to exhaust the grievance process and, accordingly, that he could not be faulted for failing to exhaust that process. This court remanded the case to the district court, asking it to investigate this assertion further. *See Whitmore v. Jones*, 456 F. App'x 747, 748, 750 (10th Cir. 2012) (unpublished).

The district court has now done just that. A magistrate judge issued a careful ten page report explaining that, as a matter of undisputed evidence, "Mr. Whitmore failed to properly complete the administrative process, and that failure cannot be blamed on prison officials." Report & Recommendation, *Whitmore v. Jones*, No. CIV-10-430-M, at 10 (W.D. Okla. July 16, 2012), ECF No. 66. After entertaining objections from Mr. Whitmore, the district court adopted the report in full and granted summary judgment once again to the defendants. Order, *Whitmore v. Jones*, No. CIV-10-430-M (W.D. Okla. Sept. 25, 2012), ECF No. 72. After reviewing all that and Mr. Whitmore's appeal for ourselves, we have little to add to the district court's analysis, and we affirm for substantially the reasons it offered.

We pause only to briefly address two of Mr. Whitmore's contentions. First, Mr. Whitmore objects that the magistrate and the district court misread the prison's grievance policy and so miscalculated the date his grievance was due. But he bases his argument on a case interpreting California's grievance processes, which calculate timeliness quite differently than Oklahoma's. We perceive no

error in the district court's or the magistrate's calculations. And the remaining issue that Mr. Whitmore raises — whether the district court should have appointed him counsel — was fully addressed in a separate order that Mr. Whitmore never appealed.

By way of summary, in Nos. 12-6189, 12-6190, and 12-6191 we decline to grant a COA and dismiss the appeals. In No. 12-6268, we affirm the district court's judgment. We grant Mr. Whitmore's motion to submit his reply brief late and to amend his reply in No. 12-6268, but find that neither submission changes our decision. Likewise, in Nos. 12-6189 and 12-6268 we grant Mr. Whitmore's motion for judicial notice of his four previously-filed cases, but find that they do not change our decision. In each case, we grant Mr. Whitmore's motion to proceed *in forma pauperis* and remind him that he must continue making partial payments until the filing fees he owes are paid in full. All other motions are denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge