FILED
United States Court of Appeals
Tenth Circuit

December 11, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DOUGLAS C. SHAFFER,

        Petitioner-Appellant,

    v.

RANDALL G. WORKMAN, Warden,

        Respondent-Appellee.

No. 07-6224
(W.D. Oklahoma)
(D.C. No. CV-07-638-C)

**ORDER**

Before **KELLY**, **ANDERSON,** and **MURPHY**, Circuit Judges.

Douglas C. Shaffer, a prisoner appearing *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence. On the recommendation of the magistrate judge who reviewed the case, the petition was dismissed in part for being time-barred and in part for failure to exhaust administrative remedies and on the merits. The district court refused to grant Shaffer a certificate of appealability ("COA") or permission to proceed *in forma pauperis* on appeal. Accordingly, Shaffer seeks a COA from this court, as well as permission to proceed *in forma pauperis*. We deny his application for COA and permission to proceed *in forma pauperis* and dismiss this appeal.

## BACKGROUND

Shaffer is currently incarcerated in Oklahoma, serving a sixty-year sentence for second degree murder after former convictions for two or more felonies. While incarcerated at the Mack Alford Correctional Center ("MACC"), Shaffer was charged with two misconducts. One was for disobedience of orders, for which a disciplinary hearing was conducted on January 9, 2004, and a rehearing was held on February 4, 2004. At the rehearing, Shaffer was found guilty and punishment was imposed, including twenty days in disciplinary segregation and the loss of 120 days of earned credit. His administrative appeal was denied on April 13, 2004. The other misconduct related to the possession and/or manufacture of contraband, and, in a disciplinary hearing conducted on January 15, 2004, he was found guilty. In an administrative appeal, the misconduct was amended to allege a violation of law misconduct, the matter was remanded for another hearing, a disciplinary hearing was conducted and Shaffer was found guilty. Punishment included thirty days in disciplinary segregation and the loss of 180 days of earned credit. His administrative appeal of this offense was denied on June 21, 2004.

In this petition, Shaffer has raised twelve issues relating to the two misconduct proceedings, claiming that various constitutional rights were violated in the course of the proceedings. In his thirteenth issue, Shaffer challenges the DOC's withdrawal from his prison savings account of amounts for payment of

costs and fees that, he alleges, were not specifically imposed in the judgment and sentence entered against him in state court in any of his convictions.

The district court held that Shaffer's first twelve issues, relating to the misconduct proceedings, were time-barred by the one-year time limitation contained in the Antiterrorism and Effective Death Penalty's amendments to 28 U.S.C. § 2244. See 28 U.S.C. § 2244(d)(1). It further held that Shaffer's thirteenth issue, relating to the costs deducted from his prison account, was unexhausted and, in any event, meritless. We agree.

## DISCUSSION

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (further quotation omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a COA, demonstrate "that jurists of reason could find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, the district court agreed with the magistrate judge that Shaffer's first twelve claims were time-barred. Where a petitioner seeking 28 U.S.C. § 2241 habeas relief has timely and diligently exhausted his administrative remedies, "§ 2241(d)(1)(D)'s one-year time limitation does not commence until the decision rejecting his administrative appeal becomes final." Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006). Shaffer's administrative appeals of his two misconducts became final on April 13 and June 21 of 2004. Accordingly, this petition, filed on May 29, 2007, was well past the one-year deadlines following those dates. While Shaffer argues that he is actually innocent of the conduct underlying those two misconducts, and makes various arguments why the one-year period should have been tolled, we reject them.

With respect to Shaffer's final claim, regarding the money deducted from his prison account, the district court found that one part of his claim stemming from one of his prior convictions had been pursued in the Oklahoma state courts, but had been rejected by the Oklahoma Court of Appeals. The district court found that the remainder of Shaffer's claims regarding deductions had not been exhausted. Additionally, the court denied the claims on their merits.[1]

---

[1]The magistrate judge denied the claims on the merits as well as for lack of exhaustion. The district court adopted the magistrate judge's recommendation,

(continued...)

The record in this case includes an affidavit from the Administrative Programs Officer of the Administrative Review Unit at the DOC. She has access to offender grievance records relating to inmates. She stated that she could find no grievance appeal from Shaffer relating to the collection of fees. We must conclude, following our careful review of the record in this case, that Shaffer has failed to exhaust his remedies regarding the deduction of fees from his account.

Finally, Shaffer seeks leave to proceed in this court *in forma pauperis*. To qualify, Shaffer "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). Because Shaffer has failed to raise any such "reasoned, nonfrivolous" argument, we deny his motion.

## CONCLUSION

For the foregoing reasons, we DENY Shaffer's request for a COA and his motion to proceed before this court *in forma pauperis*. We DISMISS this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk

---

[1](...continued)
and denied relief on Shaffer's issue thirteen.

-5-