**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VITO RIZZUTO,

      Petitioner-Appellant,

v.

J.M. WILNER, Warden, FCI-Florence,

      Respondent-Appellee.

No. 10-1241
(D.C. No. 1:08-CV-02018-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Vito Rizzuto pled guilty to one count of conspiracy in violation of 18

U.S.C. § 1962(c), the Racketeer Influenced and Corrupt Organizations Act. His

plea agreement specified that "[t]he defendant will plead guilty to Count One of

the above-captioned indictment . . . including Racketeering Act 5A . . .

Racketeering Act 5B . . . Racketeering Act 6 . . . and Racketeering Act 7." Aplt.

Br., Exh. C., p. 1. A conspiracy to murder and three murders, respectively,

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

comprised the enumerated Racketeering Acts.  The three murders all occurred on May 5, 1981, but the overarching conspiracy detailed in Count One of the indictment ran from February 1981 through Mr. Rizzuto's arrest in January 2004.

After his guilty plea and conviction, Mr. Rizzuto, now incarcerated at the federal penitentiary in Florence, Colorado, petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the Bureau of Prisons (BOP) should calculate his release date using the statute in effect at the time of the murders he committed in furtherance of the racketeering conspiracy in 1981 (18 U.S.C. § 4205(a)), rather than the statute in effect at the time the conspiracy was found to have terminated many years later (18 U.S.C. § 3624(b)).[1]  The former statute provided for parole and additional good-time credits, potentially affording Mr. Rizzuto an earlier release date.  The district court rejected Mr. Rizzuto's position as a matter of law, a conclusion we review *de novo*, *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008), all while affording Mr. Rizzuto's *pro se* filings the solicitous consideration they are due, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

---

[1]  We note that the parties have not considered whether Mr. Rizzuto's claim for relief is cognizable in a § 2241 petition, as opposed to a § 2255 motion to vacate.  For purposes of this appeal, we assume Mr. Rizzuto chose the correct vehicle to challenge what he views as an *ex post facto* application of the parole guidelines.  *Cf. Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (finding a state prisoner "properly sought habeas relief under § 2241" where he claimed the state prison's application of rules for escapees amounted to an *ex post facto* violation).

In its thoughtful opinion, the district court correctly relied on *United States v. Stanberry* for the proposition that, absent evidence of a conspirator's withdrawal, the date of a conspiracy's termination is the effective date for sentencing purposes. 963 F.2d 1323, 1326-27 (10th Cir. 1992); *see also United States v. Foote*, 413 F.3d 1240, 1249 n.5 (10th Cir. 2005). Mr. Rizzuto pled guilty to membership in a conspiracy that did not terminate until 2004. Accordingly, the district court was correct to dismiss Mr. Rizzuto's petition.

To the extent Mr. Rizzutto seeks to raise a second issue before us — that there is a discrepancy between the oral sentence pronounced and the written sentence imposed — his argument is not well taken for at least the reason that he failed to raise it with the district court in the first instance. *See Matthews v. Workman*, 577 F.3d 1175, 1188 n.5 (10th Cir. 2009).

The judgment of the district court is affirmed and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge