**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODNEY SAMPSON,

> Petitioner - Appellant,

v.

MARVIN VAUGHN,

> Respondent - Appellee.

No. 11-6013
(D.C. No. 5:10-CV-00736-W)
(W. D. Oklahoma)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

Petitioner, Rodney Sampson, an Oklahoma state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the application for a writ of habeas corpus he filed pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding a state prisoner must obtain a COA to appeal the denial of a § 2241 habeas petition); *see also* 28 U.S.C. § 2253(c). We **grant** Sampson's request to proceed *in forma pauperis* in this matter.

In 1996, Sampson was convicted in Oklahoma state court of trafficking in illegal drugs and possession of a controlled dangerous substance. He was sentenced to a term of incarceration but paroled on February 8, 2002. The

certificate of parole set Sampson's parole discharge date as January 26, 2008. Supervision of Sampson's parole was transferred to the state of California pursuant to an interstate compact agreement. On May 2, 2006, Sampson was convicted in California state court of forgery and making a false financial statement. After serving his California sentence, Sampson was extradited to Oklahoma and given a parole revocation hearing. The governor of Oklahoma revoked Sampson's parole on September 2, 2008.

Sampson followed several avenues in an attempt to challenge the revocation of his parole, filing numerous state and federal habeas petitions. For purposes of the matter currently before this court, it is relevant that he filed an application for post-conviction relief on April 16, 2009. *See* Okla. Stat. tit. 22, § 1080 (providing that a defendant alleging his parole has been "unlawfully revoked" may challenge the revocation in a state post-conviction proceeding). The application was denied by the state district court and Sampson did not file a timely appeal from that ruling.

Sampson filed the instant § 2241 application on July 13, 2010. In the application he asserted (1) the revocation of his parole was unlawful because his parole had been discharged before he was arrested for the California crimes and (2) his transfer from California to Oklahoma violated his right to due process. Respondent moved to dismiss Sampson's habeas application as untimely. In a well-reasoned Report and Recommendation (R&R), a federal magistrate judge

concluded the time for filing Sampson's § 2241 application was governed by 28 U.S.C. § 2244(d)(1)(A) and Sampson had one year from the date the revocation of his parole became final to file his § 2241 application. Because Oklahoma does not have a procedure for direct review of the governor's decision to revoke parole, the Report and Recommendation used the date of revocation as the date it became final.

Although the Report and Recommendation statutorily tolled the one-year limitations period during the time Sampson's properly filed state post-conviction application was pending in state court, the magistrate concluded the § 2241 application was nevertheless untimely. *See* 28 U.S.C. § 2244(d)(2) (providing the one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). The Report and Recommendation next analyzed whether Sampson was entitled to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (holding § 2244(d)'s one-year statute of limitations is subject to equitable tolling). Sampson asserted he was entitled to equitable tolling because the state of California discharged his parole on March 16, 2005, and, thus, he was actually innocent of violating his parole. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). The magistrate judge noted that only the state of Oklahoma had the authority to discharge Sampson's parole and, accordingly,

rejected Sampson's argument that he was actually innocent. The district court considered Sampson's objections to the Report and Recommendation but granted Respondent's motion and dismissed Sampson's habeas petition as untimely. Sampson seeks a COA to appeal that dismissal.

To be entitled to a COA, Sampson must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

This court has reviewed Sampson's appellate brief and application for COA, the Report and Recommendation, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Sampson is not entitled to a COA. Although Sampson asserts the one-year limitations period set out in 28 U.S.C. § 2244(d)(1) does not apply in this situation because he lacked an avenue to seek direct judicial review of the decision to revoke his parole, this court has held that the limitations period applies to § 2241 challenges to administrative decisions. *Dulworth v. Evans*, 442

-4-

F.3d 1265, 1268 (10th Cir. 2006). Further, our record review confirms Sampson failed to demonstrate an entitlement to equitable tolling. Thus, the district court did not abuse its discretion when it refused to equitably toll the one-year limitations period.

The district court's resolution of Sampson's § 2241 habeas application is not reasonably subject to debate and his claims are not adequate to deserve further proceedings. Accordingly, Sampson has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Sampson's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge