**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MURTAZA ALI,

        Petitioner - Appellant,

v.

GREG PROVINCE, Warden,

        Respondent - Appellee.

No. 11-5043
(D.C. No. 4:10-CV-00437-GKF-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,**
**AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Murtaza Ali, a state prisoner proceeding pro se,[1] wants to appeal from the district court's denial of his 28 U.S.C. § 2241 habeas petition.[2] The petition was based upon disciplinary proceedings arising from an incident in November 2005. The district court concluded 1) his petition was untimely and 2) he failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because that decision is not even debatably incorrect we deny his request for a Certificate of Appealability (COA).

The focus of the petition is Ali's misconduct for Possession of Contraband, one of

---

[1] We liberally construe Ali's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Our jurisdiction derives from 28 U.S.C. §§ 1291 and 2253(a).

four misconduct sanctions Ali received on November 24, 2005,[3] while he was incarcerated at Mack Alford Correctional Center. At a disciplinary hearing held December 8, 2005, he was found to have possessed contraband. The sanction imposed was 30 days in disciplinary segregation, loss of 365 days earned credits, and restriction to Classification Level 1 for 90 days (heightened security, loss of privileges). On January 4, 2006, the misconduct sanction was remanded for rehearing following appellate review by the director's designee. A second disciplinary hearing was held on March 20, 2006, where Ali was again found to have possessed contraband. On April 26, 2006, the facility head again ordered rehearing. A third hearing was held on July 6, 2006. He was again found guilty but, apparently, no sanctions were imposed. However, on August 14, 2006, the rehearing paperwork was stolen from the desk of the senior case manager.[4] Ali did not file an administrative appeal from the misconduct finding entered on July 6, 2006, allegedly because he did not receive the report of findings and, as a result, was "denied the opportunity to appeal" the rehearing. (Petitioner's Br. at 8.)

Ali appealed from his misconduct sanction for Individual Disruptive Behavior to the Oklahoma district court. His petition was denied on the merits on May 5, 2006. Almost two years later, on March 5, 2008, Ali again filed a petition in the Oklahoma district court challenging all of his misconduct sanctions. The court denied the petition on April 17, 2008, and the Oklahoma Court of Criminal Appeals (OCCA) denied relief

---

[3] The other three misconducts were for Battery, Individual Disruptive Behavior, and Disobedience to Orders.

[4] One inmate entered the office feigning illness while another stole the paperwork.

on August 22, 2008, concluding the petition was untimely and that Ali "failed to supply a sufficient record to review what actually transpired in either his disciplinary proceeding or his district court proceeding." (R. Vol. 1 at 292.)

Ali filed this § 2241 habeas petition in the United States District Court for the Northern District of Oklahoma on July 7, 2010, claiming he was denied due process when prison officials failed to provide him the paperwork from his last rehearing. The court concluded Ali failed to state a claim and his petition was time-barred under 28 U.S.C. § 2244(d), which, contrary to Ali's assertion, does apply to § 2241 actions challenging the execution of a state sentence. *See Dulworth v. Evans,* 442 F.3d 1265, 1268 (10th Cir. 2006). The court determined Ali's liberty interests were not threatened as a result of the original sanctions because he had lost his earned credits as a result of an earlier misconduct and was still not eligible to earn new ones. In other words, Ali had nothing to lose. The court also concluded the one-year limitation period began to run when the OCCA denied his petition on August 22, 2008. Thus, the time for filing his petition expired on August 22, 2009.

Ali submitted a timely request for a COA to the district court, which it denied.[5] He submitted a COA request to this Court which we have considered. Fed. Rule App. P. Rule 22(b)(2) ("A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes."). Ali claims the district court erred in failing to apply equitable tolling because his failure to file his petition was due to the

---

[5] Inexplicably, it then permitted Ali to proceed *in forma pauperis* on appeal.

prison's refusal to provide him the necessary paperwork to raise his claims. However, Ali did not argue equitable tolling to the district court. *See Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) ("We decline to impose upon district courts a requirement to address claims and legal theories not presented."). Rather, he insisted the time limitations would not start to run until the paperwork was provided to him. But as the district court explained, the time period began when the OCCA issued its decision in 2008, two years after the paperwork disappeared.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Where the district court dismisses a petition on procedural grounds, a COA requires the inmate to demonstrate that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. *Slack,* 529 U.S. at 483–84.

In a cogent order the district court thoroughly and correctly addressed and

- 4 -

resolved the issues raised by Ali. As no jurist of reason could reasonably debate the correctness of the district court's decision, we DENY the request for a COA and DISMISS this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge