**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER PIERCE,

        Petitioner - Appellant,

v.

DOUGLAS WADDINGTON; KANSAS
ATTORNEY GENERAL,

        Respondents - Appellees.

No. 15-3056
(D.C. No. 5:15-CV-03029-SAC-DJW)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **KELLY** and **McHUGH**, Circuit Judges.

Christopher Pierce, a Kansas prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254

habeas corpus application for lack of jurisdiction.  Exercising jurisdiction under

28 U.S.C. §§ 1291 and 2253(a), we deny a COA and dismiss the appeal.

In July 1993, Mr. Pierce pleaded guilty in Wyandotte County to kidnapping

and aggravated robbery and was sentenced to consecutive fifteen-year terms.

*See Pierce v. Nelson*, D.C. No. 5:00-cv-03240-DES, Doc. 9, at 2, 5 (D. Kan. Jan. 31,

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2001).  In 2000, he filed two habeas petitions under 28 U.S.C. § 2254 that were consolidated for decision and denied on the merits.  *See Nelson*, D.C. No. 5:00-cv-03240-DES, Doc. 9, at 3-5.  He sought to appeal, but we denied his application for a COA and dismissed his appeal.  *See Pierce v. Nelson*, slip op. (10th Cir. Aug. 14, 2001) (No. 01-3032) (unpublished).

In his most recent petition, Mr. Pierce asserted in a single paragraph that he had presented documentation in *Pierce v. Waddington*, D.C. No. 5:15-cv-03002-SAC-DJW showing that he was actually innocent and should be released from custody.  D.C. Doc. 1, at 14-15.  The district court determined that the petition was an unauthorized successive petition and dismissed it for lack of jurisdiction.  *Id.* Doc. 7, at 1.  The court did not address COA in its dismissal order, but a COA is a jurisdictional prerequisite to our review of the district court's decision under *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  We will issue a COA "only if [Mr. Pierce] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Because the district court denied his habeas application on procedural grounds, we will grant a COA only if the district court's procedural ruling is reasonably debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We conclude that it is not debatable.  Because the habeas applications Mr. Pierce filed in 2000 were adjudicated on their merits, the recent application he presented to the district court claiming actual innocence was second or successive, and he was required to obtain this court's authorization to file it.  *See* 28 U.S.C.

- 2 -

§ 2244(b)(3)(A). But he did not do so. In his current request for a COA, Mr. Pierce does not provide a basis for granting a COA. And contrary to his suggestion, his claim that he was actually innocent is properly viewed as a challenge to the validity of his conviction falling under § 2254, not a challenge to the execution of his sentence falling under 28 U.S.C. § 2241 (which does not require a COA for appeal or this court's authorization for the district court to proceed). *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006).

"A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). When presented with an unauthorized second or successive application, the district court has the option to transfer the application to this court if a transfer is in the interest of justice or dismiss it for lack of jurisdiction. *See id.* at 1252. The district court decided to dismiss. Nothing before us indicates that any reasonable jurist would disagree with that decision.

Accordingly, we deny the application for a COA and dismiss this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -