**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NATHAN E. JONES,

    Petitioner - Appellant,

v.

TODD MARTIN, Warden, Wyoming
Honor Conservation Camp, Wyoming
Department of Corrections,

    Respondent - Appellee.

No. 15-8022
(D.C. No. 2:14-CV-00209-ABJ)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Nathan Jones, a Wyoming state prisoner proceeding pro se, seeks a certificate of
appealability (COA) to appeal the district court's denial of his federal habeas petition.
Jones is currently serving time for participating in an armed robbery while he was on
parole from a life sentence for felony murder. He argues he has been held unlawfully for
more than three years past the expiration of his sentences because the Wyoming
penitentiary ran his armed robbery sentences consecutive to, instead of concurrent with,
the sentence he received when his parole was revoked. Jones challenges the execution of
his sentences under 28 U.S.C. § 2241.

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

In 1975, Jones was convicted of first-degree felony murder and sentenced to life in prison. But after serving 14 years he was released on parole based on his good behavior. After four years on parole, Jones was convicted of aiding and abetting armed robbery and conspiracy to commit armed robbery. At sentencing, Jones asked the court to run his sentences for armed robbery concurrent with the parole-revocation sentence that was sure to follow. The sentencing judge declined, leaving it to the parole board to determine whether Jones' robbery sentences should run concurrent with or consecutive to whatever remained of Jones' 1975 sentence.

In turn, the Wyoming penitentiary treated the sentences as consecutive and Jones embarked on a years-long effort to reverse that decision. Eventually, the Wyoming Supreme Court reviewed his sentence and concluded that a Wyoming district court erred in ordering the consecutive sentences. The case then went back and forth between the Wyoming Supreme Court and a Wyoming district court, culminating in a 2004 Wyoming district court decision which again ordered that Jones' armed robbery sentences run consecutive to the sentence imposed upon his parole revocation. Jones did not appeal that decision.

Instead, after waiting nearly 10 years, he filed this federal habeas petition challenging a 2003 Wyoming Supreme Court decision—the second remand from that court, which led to the district court's 2004 decision. The federal district court denied Jones' petition and his COA request.

A state prisoner must obtain a COA to appeal the denial of a § 2241 habeas petition when the detention complained of arises out of process issued by a state court.

2

*Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). This court may grant a COA only if the petitioner shows that reasonable jurists could find the district court's decision debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also* 28 U.S.C. § 2253(c)(2). The district court concluded Jones' claims were untimely and also procedurally barred based on Jones' failure to exhaust his claims in state court. It also found that Jones failed to show that any equitable exception excused these procedural requirements.

Jones concedes his habeas petition was untimely under the one-year statute of limitations for filing a federal habeas petition. Pet'r Br. at 13; *see also* 28 U.S.C. § 2244(d)(1)(A); *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (holding that "§ 2244(d)(1)'s one-year limitation period applies to all habeas petitions filed by" state prisoners, including petitions under § 2241). He argues, however, that his decade-long delay should be excused because failure to consider his claims would result in a fundamental miscarriage of justice.

While the untimely filing of a habeas petition may be excused to avoid a fundamental miscarriage of justice, this equitable exception applies only when "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329(1995)); *accord Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012) (stating that "[t]his exception applies to those who are actually innocent of the crime of conviction").

3

Jones cannot meet this standard; he does not assert actual innocence of the crimes for which he was convicted. Instead he asks the court to expand the fundamental-miscarriage-of-justice exception, arguing he is innocent of his *sentence*. The district court rejected this argument, characterizing it as a "rather unique interpretation of 'innocence' as a 'fundamental miscarriage of justice.'" Order, Doc. 10 at 18. We agree.

In a similar context we have said that a "person cannot be actually innocent of a noncapital sentence." *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993) (concluding that petitioner's claim of actual innocence did not satisfy fundamental-miscarriage-of-justice exception to procedural bar because he sought only a shorter sentence and did not claim innocence of the offense); *accord United States v. Denny*, 694 F.3d 1185, 1190-91 (10th Cir. 2012); *see also Sawyer v. Whitley*, 505 U.S. 333, 341-42 (1992) (explaining that "[i]n the context of a noncapital case, the concept of 'actual innocence' is easy to grasp"—it means "the State has convicted the wrong person of the crime").

Because reasonable jurists could not find debatable or wrong the district court's decision rejecting Jones' argument, we deny Jones' request for a COA and dismiss the matter. We need not address the district court's alternative conclusion that Jones failed to exhaust and procedurally defaulted on his claims.

Entered for the Court

Nancy L. Moritz
Circuit Judge

4