FILED
United States Court of Appeals
Tenth Circuit

October 12, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES R. DUDLEY,

      Petitioner - Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS,

      Respondent - Appellee.

No. 17-3076
(D.C. No. 5:17-CV-03006-SAC)
(D. Kansas)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

    Petitioner James R. Dudley, a Kansas inmate appearing pro se, seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his

application for relief under 28 U.S.C. § 2241.[1] We previously remanded this action to

_____

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Dudley appears pro se, we construe his filings liberally. *See
Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). For instance, although Mr.
Dudley's petition for habeas corpus was styled as arising under 28 U.S.C. § 2254, we
join the district court in construing it as a petition under 28 U.S.C. § 2241, which
under our precedent is the proper vehicle for challenging the execution of a state
sentence, as opposed to its validity. *See Leatherwood v. Allbaugh*, 861 F.3d 1034,
1042 & n.6 (10th Cir. 2017); *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir.
2006).

the district court for the purpose of determining whether Mr. Dudley gave notice of

his request for an extension of time to file a notice of appeal to the Kansas

Department of Corrections, a necessary predicate to this court's jurisdiction. Satisfied

that such notice was provided, we now turn our attention to the district court's

decision dismissing Mr. Dudley's petition and declining to issue a COA. Exercising

jurisdiction under 28 U.S.C. § 1291,[2] we deny a COA and dismiss this matter.

---

[2] We also conclude that one further jurisdictional hurdle has been cleared. The district court entered a final judgment dismissing Mr. Dudley's petition on February 7, 2017. The time to appeal expired thirty days later, on March 9, 2017. *See* Fed. R. App. P. 4(a)(1); *see also* 28 U.S.C. § 2107(a). On March 29, 2017, Mr. Dudley filed a timely motion for an extension of time to file an appeal. *See* Fed. R. App. P. 4(a)(5) (a motion for an extension of time to file a notice of appeal is timely if filed within thirty days after the initial time to appeal expires). And on April 5, 2017, Mr. Dudley prematurely filed a notice of appeal of the district court's February 7 judgment before the district court granted his motion for an extension of time. He also filed the notice of appeal before the district court resolved his pending motion for reconsideration which, because it was not timely filed within twenty-eight days after entry of judgment, *see* Fed. R. Civ. P. 59(e), the district court properly construed as a Rule 60(b) motion for relief from judgment, *see* Fed. R. Civ. P. 60(c).

The significance of these events is that some of our precedent suggests that where "an intervening motion occurs which *could* alter the order or judgment appealed from, a new notice of appeal must be filed after disposition of the subsequent motion to ensure that the would-be appellant still desires to appeal." *See Hinton v. City of Elwood*, 997 F.2d 774, 778 (10th Cir. 1993) (emphasis added); *see also Allison v. Bank One-Denver*, 289 F.3d 1223, 1242 (10th Cir. 2002) (quoting *Hinton*). But *Hinton* relied on language in the Federal Rules of Appellate Procedure that has since been removed. *See* Fed. R. App. P. 4(a)(4), Advisory Committee's Notes to 1993 Amendment. And we have more recently held that a district court's grant of a motion to extend validated a previously filed notice of appeal where the order appealed from "remained unchanged in both its form and content throughout the period at issue." *See N. Am. Specialty Ins. Co. v. Corr. Med. Servs., Inc.*, 527 F.3d 1033, 1039–40 (10th Cir. 2008) (applying *Hinton*). We follow that approach here and conclude that Mr. Dudley's premature notice of appeal has vested us with jurisdiction to consider whether a COA should issue.

Mr. Dudley seeks review of five administrative disciplinary actions imposed by the Kansas Department of Corrections. His federal petition comes after an unsuccessful state petition challenging the same underlying actions. *See Dudley v. Heimgartner*, 356 P.3d 436, 2015 WL 5458783, at *1–4 (Kan. App. 2015) (unpublished) (affirming summary dismissal on the ground that Mr. Dudley failed to timely file his state court petition). On collateral review the federal district court summarily dismissed Mr. Dudley's petition on the grounds that (a) he failed to show that he was deprived of a protected liberty interest and (b) federal habeas corpus relief is not available to challenge matters of state law. Finding that the issues presented are neither deserving of further proceedings, debatable among jurists of reason, nor subject to a different resolution on appeal, the district court's final order declined to provide Mr. Dudley with a COA.

Mr. Dudley wishes to appeal, but he is entitled to a COA "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the district court correctly noted, this standard requires Mr. Dudley to demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). We agree with the district court that Mr. Dudley has not met that standard.

On appeal Mr. Dudley contends that the district court erred in dismissing his petition without reviewing the record of the state court proceedings. But in deciding

whether to issue a COA our review is far narrower. The sole issue before us is whether Mr. Dudley has made a substantial showing of the denial of a constitutional right. The district court concluded that none of the administrative disciplinary actions challenged by Mr. Dudley deprived him of a protected liberty interest, even assuming that the state court record supports Mr. Dudley's allegations. The court found that Mr. Dudley made no showing, for instance, that he lost any good time credits[3] or that he was otherwise subject to "atypical and significant hardship" relative to "the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Mr. Dudley's application for a COA offers no reason to believe that he was denied a constitutional right, and indeed our independent review of the record on appeal confirms that no substantial showing of any denial of a constitutional right is evident therein.[4]

---

[3] On appeal Mr. Dudley contends that the district court should have considered his claim of 180 days loss of good credits time. But Mr. Dudley raised that issue for the first time in his motion for reconsideration, which the district court treated as a Rule 60(b) motion. In an order denying Rule 60(b) relief, the district court acknowledged that a claim regarding the loss of good time credits "sounds in habeas corpus" but found no ground to grant relief because, *inter alia*, Mr. Dudley provided no documentation showing actual loss of good time credits. Mr. Dudley has elected not to appeal the district court's order denying Rule 60(b) relief and therefore his claim that he lost good time credits is not properly before us.

[4] Mr. Dudley's repeated citations to this court's opinion in *Little v. Jones*, 607 F.3d 1245 (10th Cir. 2010), are unavailing. In *Little* we reversed in part the district court's dismissal of a state prisoner lawsuit brought under 42 U.S.C. § 1983 and alleging that state officials violated the First Amendment by failing to provide vegan meals consistent with that prisoner's religious practices. 607 F.3d at 1249–51. Mr. Dudley correctly observes that *Little* stands for the proposition that we will excuse a prisoner's failure to exhaust administrative remedies where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of administrative remedies. *See*

The request for a COA is denied and this appeal is dismissed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

*id.* at 1250. As discussed, however, our decision whether to issue a COA in this case turns only on whether there is a substantial showing of the denial of a constitutional right. Whether Mr. Dudley exhausted administrative or state remedies is irrelevant to our analysis.