FILED
United States Court of Appeals
Tenth Circuit

March 16, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANNY BARLOR,

    Petitioner - Appellant,

v.

ROBERT PATTON; TRACY ELLIS;
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

    Respondents - Appellees.

No. 17-6205
(D.C. No. 5:17-CV-00576-W)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Danny Barlor, an Oklahoma state prisoner, seeks a certificate of appealability

("COA") to challenge the district court's denial of his 28 U.S.C § 2241 habeas petition.

We deny a COA and dismiss the appeal.

**I**

Barlor has been incarcerated since 1980.  In 1985, he escaped from prison and was

recaptured.  See Barlor v. Patton, No. CIV-15-66-D, 2016 WL 1273246, at *1 (W.D.

Okla., Mar. 31, 2016) (unpublished).  In 1991, Barlor received a disciplinary write-up for

attempted escape.  He alleges that the only evidence presented at his disciplinary hearing

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on the attempted escape allegation was the testimony of a confidential informant. As a result of this write-up, Barlor was demoted to the lowest possible class level used by the Oklahoma Department of Corrections ("ODOC") for calculating good time credits. See Okla. Stat. Ann. tit. 57, § 138.

Barlor subsequently received level promotions for good behavior. In 1993, he attained the highest class level for purposes of earning credits. In April of 2003, an auditor at the private prison at which Barlor was housed applied an ODOC policy promulgated in 1997 to determine Barlor's credit level and classification. Barlor's class level was reduced and ten points were added to his score. In 2004, Barlor unsuccessfully sought mandamus relief in state court to reinstate his credits and restore his previous level. See Barlor v. Patton, 681 F. App'x 674, 676 (10th Cir. 2017) (unpublished). Barlor also filed a civil rights complaint in federal district court in 2005, which was dismissed.

In 2015, Barlor filed another civil rights action alleging that ODOC's 1985, 1991, and 2003 actions violated his rights under the Ex Post Facto Clause and the Due Process Clause, and constituted double jeopardy. Id. Treating Barlor's action as a challenge to the execution of his sentence under § 2241, the district court held that Barlor's request to restore his time credits was time-barred. Id. at 678. It further rejected Barlor's due process and ex post facto claims for declaratory relief and damages on the merits. Id.

We affirmed the dismissal of Barlor's due process and ex post facto claims on direct appeal. Id. at 678-79. We noted that Barlor did not attempt to appeal the dismissal of his challenge to the execution of his sentence in his opening brief and thus we did not

consider that issue. Id. at 677 n.4. However, we construed a document filed in this court as a misdirected § 2241 petition and transferred it to the district court for adjudication. Id. The district court dismissed that petition as untimely and barred by res judicata. Barlor now seeks a COA to appeal that dismissal.

## II

A state prisoner seeking to appeal the denial of § 2241 relief must obtain a COA. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). We may only issue a COA if Barlor shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Reasonable jurists could not dispute the district court's resolution of Barlor's claim. Barlor was required to file a habeas petition within one year of the date on which the factual predicate of his claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D); see Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006) (holding that § 2244 applies to state prisoners' § 2241 claims). As we explained in Barlor's previous appeal, he was aware of the factual predicate of his claims by 2004 at the latest. Barlor, 681 F. App'x at 678. Barlor presents no argument to the contrary on appeal.[1]

---

[1] Because we affirm the district court's ruling as to timeliness, we need not consider its alternative ruling as to res judicata.

3

**III**

We **DENY** a COA and **DISMISS** the appeal. Barlor's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge