**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 13, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

KEITH D. HAMMOCK,

    Petitioner - Appellant

v.

MOSES STANCIL, Executive Director of
Colorado Department of Corrections;
BARRY GOODRICH, Warden, Crowley
County Correctional Institution,

    Respondents - Appellees.

No. 24-1103
(D.C. No. 1:23-CV-00913-RMR)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

Keith D. Hammock, a pro se inmate at the Colorado Department of

Corrections, seeks a certificate of appealability (COA) to appeal the district court's

dismissal of his application for habeas relief. *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring COA to appeal denial of habeas relief from state-court judgment). We

deny a COA and dismiss this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

On October 9, 2016, Mr. Hammock shot two boys attempting to steal marijuana plants from the backyard of his home in Denver, Colorado. One boy was killed; the other, paralyzed from the chest down. Police officers arrived at the scene and interviewed Mr. Hammock. Their guns were holstered. Mr. Hammock provided a written statement that he had heard gunshots but had not seen what happened, and he agreed to accompany officers to the police station for a recorded interview. The interviewer wore plain clothes and Mr. Hammock was not handcuffed. He continued to volunteer details about the incident, including his belief that the boys had jumped the fence to steal his marijuana plants, but he denied knowing who shot them. When Mr. Hammock was told that the investigation had become a homicide investigation, he requested an attorney and the interviewer ended the conversation, offering to take him wherever he wished except that he could not enter his home, which was a crime scene and was soon going to be searched.

Meanwhile, Mr. Hammock's roommate, Eleise Gunnells, allowed police to enter the home. The officers noticed a strong odor of marijuana and observed numerous marijuana plants growing in the backyard. Ms. Gunnells said the marijuana belonged to Mr. Hammock. Police obtained a search warrant for the house and backyard and later arrested Mr. Hammett for violating marijuana laws.

At trial in state court on homicide and marijuana charges, Mr. Hammock admitting shooting the boys but said it was in self-defense. The jury rejected that defense and found Mr. Hammock guilty of second-degree murder, attempted murder,

processing or manufacturing marijuana, cultivation of marijuana, and assault with a deadly weapon. Alleging several procedural and evidentiary trial errors. Mr. Hammock unsuccessfully appealed his convictions to the Colorado Court of Appeals, and the Colorado Supreme Court denied review. Mr. Hammock then sought habeas relief in the United States District Court for the District of Colorado under 28 U.S.C. § 2241, but the district court properly construed his pleading as an application for relief under 28 U.S.C. § 2254.[1] The court denied relief and a COA.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable

---

[1] Because Mr. Hammock is challenging his conviction, not the execution of his sentence, § 2254 is the proper avenue for relief. *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006).

application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* (internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Because Mr. Hammock is a pro se litigant, we construe his filings liberally, although it is improper for the court to "assume the role of advocate" for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Mr. Hammock's pleadings in this court claim numerous violations of his rights, but we need address only those

adequately raised in the district court. *See Goode v. Carpenter*, 922 F.3d 1136, 1149 (10th Cir. 2019) (in § 2254 proceeding "we do not consider an issue that was not adequately raised in the federal district court. To properly raise an argument below, a litigant must present the argument with sufficient clarity and specificity. Any vague, arguable references to a point in the district court proceedings do not preserve the issue on appeal because such perfunctory presentation deprives the trial court of its opportunity to consider and rule on an issue in any detail.") (citations and internal quotation marks omitted). The properly preserved claims raised in Mr. Hammock's briefs in this court are (1) his Fourth Amendment rights were violated because the police did not have probable cause or a warrant for his arrest and (2) his Fifth Amendment rights were violated because the police did not give him *Miranda* warnings when he was questioned.

The Fourth Amendment claim can be disposed of readily. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). The record here shows that Mr. Hammock received that opportunity. As the district court noted, Mr. Hammock filed multiple motions to suppress evidence and those motions were thoroughly addressed in the state trial court. He then appealed and the Colorado Court of Appeals affirmed the challenged trial-court rulings.

As for Mr. Hammock's claims under *Miranda v. Arizona* 384 U.S. 436 (1966), they were thoroughly discussed in the district court's opinion and we have nothing to add to its careful analysis showing that he is not entitled to any relief under the standards of review set forth in AEDPA.

Because Mr. Hammock has not demonstrated that the district court's resolution of the issues properly preserved below and raised in this court was debatable or wrong, he is not entitled to a COA.

### III.    CONCLUSION

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge