FILED
United States Court of Appeals
Tenth Circuit

**December 5, 2016**

Elisabeth A. Shumaker
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DALE JUSTIN HUDDLESTON,

    Petitioner - Appellant,

v.

CYNTHIA COFFMAN, Colorado
Attorney General; COLORADO PAROLE
BOARD; COLORADO DEPARTMENT
OF CORRECTIONS; JASON
LENGERICH, Warden of Buena Vista
Correctional Facility,

    Respondents - Appellees.

No. 16-1293
(D.C. No. 1:15-CV-02848-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Dale Huddleston seeks a certificate of appealability ("COA") to appeal the

district court's dismissal of his 28 U.S.C. § 2241 petition. We deny a COA and

dismiss the appeal.

**I**

In 1999, Huddleston was convicted in Colorado state court of first degree

sexual assault and second degree burglary. He was sentenced to eight years'

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment and five years of mandatory parole. In November 2002, Huddleston filed a state petition for post-conviction relief, arguing that he should not be subject to mandatory parole. His petition was denied, and Huddleston voluntarily dismissed his appeal from that order. Huddleston later filed a § 2254 petition challenging his conviction in 2007. This petition was dismissed as time-barred.

In 2006, while on parole, Huddleston pled guilty to aggravated robbery and second degree kidnapping in Colorado state court. He was sentenced to sixteen years' imprisonment and five years of mandatory parole. As a result of his guilty plea, Huddleston's parole from his 1999 conviction was revoked. In 2009, he filed a motion in state court seeking to credit 281 days of pre-trial confinement toward his 2006 sentence. That motion was denied on the basis that Huddleston's pre-trial confinement time was properly credited to his 1999 sentence.

On December 30, 2015, Huddleston filed a habeas petition in federal district court. In an amended petition, he asserted three claims: (1) he was unlawfully subjected to mandatory parole for his 1999 conviction; (2) he was wrongfully denied pre-trial credit toward his 2006 conviction; and (3) he is being denied sex-offender and medical treatment. The district court dismissed his petition and declined to grant a COA. Huddleston now seeks a COA from this court.

## II

A state prisoner may not appeal the denial of habeas relief under § 2241 without a COA. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). We will issue a COA only if Huddleston demonstrates "that reasonable jurists could

2

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

The district court properly dismissed Huddleston's first claim, in which he argues that the trial court wrongly sentenced him to a mandatory term of parole for his 1999 conviction. Such a claim must be pursued under § 2254 because it challenges "the validity" rather than "the execution of a sentence." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997); see also Ayala v. Dep't of Corr., No. 99-1401, 1999 WL 1020847, at *1, 198 F.3d 257 (10th Cir. Nov. 10, 1999) (unpublished table opinion) (attack on "the validity ab initio of [a] mandatory [parole] term" sounds in § 2254). And because Huddleston has already challenged his 1999 conviction in a § 2254 petition, the district court lacked jurisdiction to consider Huddleston's claim absent prior authorization from this court. In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).

In his second claim, Huddleston argues he was improperly denied pre-sentence credit toward his 2006 conviction. This claim may be pursued under § 2241 because it attacks the execution of his sentence. McIntosh, 115 F.3d at 811-12. However, § 2241 petitions are subject to a one-year limitations period. Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006). To be timely in this case, Huddleston had to file his petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

§ 2244(d)(1)(D).  Huddleston was aware of the factual circumstances underlying his claim by at least 2009, when he filed a state court motion seeking the same application of pre-trial credit.  Because he waited more than one year to assert his claim in federal court and does not provide any argument warranting statutory or equitable tolling, his claim is time-barred.

The district court dismissed Huddleston's third claim, which concerns the denial of sex-offender and medical treatment, as not cognizable in habeas. Huddleston does not address this claim in his combined application for a COA and opening brief and has thus waived it.  See United States v. Springfield, 337 F.3d 1175, 1178 (10th Cir. 2003) (claim waived if petitioner "failed to address that claim in either his application for a COA or his brief on appeal").

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. We **GRANT** Huddleston's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4